IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01547-GPG

ERMEKBEK ZHOTOEV,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Center;
ROBERT HAGAN, Director, ICE Denver Field Office;
TODD M. LYONS, Acting Director, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General, United States Department of Justice, in their official capacities,

      Respondents.

---

**ORDER**

---

Before the Court is the Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) (D. 1). Because the briefing demonstrates that Petitioner Ermekbek Zhotoev's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243. For the reasons stated below, the Court GRANTS IN PART the Petition.

## I.  BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-

TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025).  Petitioner seeks release or, in the alternative, a bond hearing (D. 1).

Petitioner has lived in the United States, residing in California, since he was voluntarily inspected at the border in 2022 (D. 1 at 2).[1]  He was granted parole into the United States while his application for asylum and withholding of removal is adjudicated (*id*.). Petitioner obtained employment authorization, secured lawful employment, and paid his taxes (*id*.).  He does not have any criminal history that would subject him to mandatory detention (*see id*. at 11).  Nonetheless, Petitioner was arrested and, at least at the time the Petition was filed, Petitioner was held by Immigration and Customs Enforcement (ICE) at its facility in Aurora, Colorado (*id*. at 2, 6; D. 11 at 3).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions.  *E.g.*, *Batz Barreno*, 2025 WL 3190936, at *3.  The Court remains firmly convinced that the Court and the other majority[2] of Judges in the District who have addressed the

---

[1] The Court takes certain facts from the Petition, which is verified (D. 1).  Respondents do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 11).

[2] In *Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. April 15, 2026), Chief Judge Daniel D. Domenico denied habeas relief to a petitioner on the basis that § 1225(b) applied (*id*. at 2).  Although the petitioner was apprehended near the border, the decision did not address the issue.

fundamental issues raised here regarding the applicability of 8 U.S.C. §§ 1225, 1226 to individuals seized within the United States have correctly decided those and incorporates their analysis from these prior cases. *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025).

Respondents raise one issue specific to this case, asserting that Petitioner continues to be subject to mandatory detention under 8 U.S.C. § 1225(b) because he was initially detained at the border and therefore remains an "arriving alien" (D. 11 at 6). This Court has not previously addressed this specific issue and invited a reply from Petitioner (D. 13).

Other Judges in this district that have addressed this issue have concluded that an individual's initial detention is not dispositive and the Court must, instead, look to the present circumstances when they are detained. Their analysis is highly persuasive in explaining, consistent with the decision of this Court on the broader issue, that individuals residing in the United States are no longer arriving aliens subject to mandatory detention under § 1225(b). "Under this court's analysis in [past cases], even though Petitioner was *initially* arrested near the border, Petitioner here is no longer an 'arriving' noncitizen, but instead clearly belongs to the category of noncitizens 'who are already present in the United States.'" *Rabaev v. Baltazar*, No. 1:26-CV-00811-SBP, 2026 WL 911279, at *2 (D. Colo. Apr. 2, 2026) (citations omitted); *see also Moncada-Hernandez v. Trump*, No. 26-CV-00436-PAB, 2026 WL 472744, at *1 (D. Colo. Feb. 19, 2026) (finding § 1226 applied to a petitioner detained "shortly after entering the United States" that was not rearrested until later). Petitioner has lived and worked in the United States for several years. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected

an entry into the United States and one who has never entered runs throughout immigration law."). There is no indication that Petitioner has left the United States since his entry years ago, and he was taken into custody while residing inside the United States. Accordingly, the Court finds that Petitioner is subject to detention only under 8 U.S.C. § 1226 and entitled to a bond hearing that has not been provided in violation of due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order and Respondents have the responsibility to ensure that the government applies those burdens. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED June 8, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge